## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| MORTGAGE ASSETS MANAGEMENT, LLC | **CIVIL ACTION NO:** |
|     PLAINTIFF | |
| v. | |
| LILA M. ROYAL<br>GEORGE A. ROYAL | |
|     DEFENDANT(S) | |

## <u>COMPLAINT FOR FORECLOSURE</u>

NOW COMES Plaintiff, Mortgage Assets Management, LLC by and through its attorneys, Korde & Associates, P.C., and complains against Defendants pursuant to 14 M.R.S. § 6321 et seq. saying further as follows:

### JURISDICTION AND VENUE

1.      This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.      Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

3.    Plaintiff Mortgage Assets Management, LLC is a Limited Liability Company organized under the laws of Delaware with a principal place of business located at 14405 Walters Road, Suite 200, Houston, TX 77014.

4.    Defendant Lila M. Royal is an individual with a last known mailing address of 340 Stanley Road, Winthrop, ME 04364.

5.    Defendant George A. Royal is an individual with a last known mailing address of 340 Stanley Road, Winthrop, ME 04364.

## FACTS

6.    Lila M. Royal and George A. Royal are the owners of certain real property located at 340 Stanley Road, Winthrop, ME, by virtue of a deed from Forest C. Greenier and Nancy L. Greenier to Lila M. Royal and George A. Royal, as joint tenants, dated October 16, 2012 and recorded in the Kennebec County Registry of Deeds on October 16, 2012 in Book 11195, Page 197.

7.    On February 12, 2014, Lila M. Royal and George A. Royal executed and delivered to One Reverse Mortgage, LLC a certain Home Equity Conversion Promissory Note (the "Note"). A copy of the Note is attached hereto as Exhibit A.

8.    Plaintiff is entitled to enforce the Note, as One Reverse Mortgage, LLC executed an allonge payable to Reverse Mortgage Solutions, Inc. attached on the original Note, and One Reverse Mortgage, LLC also executed an allonge payable to Mortgage Assets Management LLC attached to the original Note, which Reverse Mortgage Solutions, Inc. executed an allonge payable

to blank appearing on the original Note, rendering the Note enforceable by the party in possession of the original Note based upon the allonge payable to blank or by Plaintiff.

9.      Plaintiff certifies that the owner of the Note is Mortgage Assets Management, LLC.

10.     To secure the Note, Lila M. Royal and George A. Royal granted a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for One Reverse Mortgage, LLC, its successors and assigns in the maximum amount of $297,750.00, dated February 12, 2014 and recorded on February 19, 2014 in the Kennebec County Registry of Deeds in Book 11630, Page 0205 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit B.

11.     The property secured by the Mortgage is known as 340 Stanley Road, Winthrop, ME 04364, and is more particularly described in the Mortgage (the "Premises").

12.     The Mortgage was assigned by Assignment from Mortgage Electronic Registration Systems, Inc., as nominee for One Reverse Mortgage, LLC, its successors and assigns to Reverse Mortgage Solutions, Inc. dated August 20, 2020 and recorded on September 1, 2020 in Book 13689, Page 334. A copy of the Assignment is attached in Exhibit C.

13.     The Mortgage was assigned by Assignment from One Reverse Mortgage, LLC to Mortgage Assets Management, LLC dated October 27, 2022 and recorded on November 2, 2022 in Book 14624, Page 270. A copy of the Assignment is attached in Exhibit C.

14.     The Mortgage was assigned by Assignment from One Reverse Mortgage, LLC to Mortgage Assets Management, LLC dated December 6, 2022 and recorded on December 7, 2022 in Book 14649, Page 197. A copy of the Assignment is attached in Exhibit C.

15.     In accordance with the terms of the Note and Mortgage, all sums advanced pursuant to the Note and Mortgage are due and payable in full in the event that the borrower no longer occupies the subject property as a primary residence.

16.    The requirements of 14 M.R.S. § 6111 and M.R.S. § 6321-A do not apply in this matter as the subject property is not the primary residence of both Defendants.

17.    By letters dated December 9, 2022, Plaintiff provided notice that the Note was in default and demanded payment thereon. A copy of the Notice of Default and proof of delivery is attached hereto as Exhibit D.

18.    The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

19.    As of January 20, 2023, the following amounts are due and payable to the Plaintiff, exclusive of costs of collection, including attorney's fees, under the terms of the Note and the Mortgage:

| | |
|---|---|
| Principal Balance | $109,175.29 |
| Accrued Interest | 37,749.56 |
| Attorney Fees | 1,850.00 |
| Foreclosure Costs | 84.42 |
| Appraisal Fees | 850.00 |
| Property Inspection Fees | 120.00 |
| MIP | 14,043.63 |
| Intra Month Per Diem Total | 679.46 |
| Taxes | 1,855.90 |
| Title Examination | 270.00 |
| Total | $166,678.26 |

Additional interest will accrue and be compounded on said principal balance in accordance with the terms of the Note.

20.    Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

## COUNT I - FORECLOSURE

21.    Plaintiff repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22.    This is an action for foreclosure and title to real estate located at 340 Stanley Road, Winthrop, Kennebec County, Maine 04364. See Exhibit B.

23.    Plaintiff is entitled to enforce the Note, as One Reverse Mortgage, LLC executed an allonge payable to Reverse Mortgage Solutions, Inc. attached on the original Note, and One Reverse Mortgage, LLC also executed an allonge payable to Mortgage Assets Management LLC attached to the original Note, which Reverse Mortgage Solutions, Inc. executed an allonge payable to blank appearing on the original Note, rendering the Note enforceable by the party in possession of the original Note based upon the allonge payable to blank or by Plaintiff. See Exhibit A.

24.    Plaintiff, directly or through its agent, is in possession of the original Note, Mortgage and any assignments.

25.    Plaintiff, Mortgage Assets Management, LLC, is the current owner of the Mortgage and Note.

26.    Plaintiff is the party entitled to collect the debt evidenced by said Note.

27.    In accordance with the terms of the Note and Mortgage, all sums advanced pursuant to the Note and Mortgage are due and payable in full in the event that the borrower no longer occupies the subject property as a primary residence.

28.    The requirements of 14 M.R.S. § 6111 and M.R.S. § 6321-A do not apply in this matter as the subject property is not the primary residence of Defendants.

29.    By letter dated December 9, 2022, Plaintiff provided notice that the Note was in default and demanded payment thereon. Copies of the notices are attached and the proof of delivery hereto as Exhibit D.

30.    Plaintiff certifies that all steps mandated by law to provide notice of the default and of the right to cure have been taken and strictly performed.

31.    The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.    Determine that there has been a breach of condition of the Mortgage;

B.    Determine the amount due on the Note and Mortgage, including principal, interest, reasonable attorney's fees, court costs, and other expenses;

C.    Issue a Judgment of Foreclosure and Sale in conformity with 14 M.R.S. § 6322;

D.    Order exclusive possession of the Premises to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption set forth in 14 M.R.S. § 6322, and direct the Clerk to issue a writ of possession at the request of the Plaintiff; and

E.    Grant such other and further relief as the Court may determine proper.

Respectfully submitted,

Mortgage Assets Management, LLC

Dated:  01/22/2023        By: /s/ Carrie Folsom
                                 Carrie Folsom, Esq. #9510
                                 Attorney for Plaintiff
                                 KORDE & ASSOCIATES, P.C.
                                 707 Sable Oaks Dr., Suite 250
                                 South Portland, ME 04106
                                 (207) 775-6223
                                 cfolsom@kordeassociates.com
                                 MEFedNotices@kordeassociates.com